UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MASOOD HAMDARD,

Plaintiff,

v.

BLOCK, INC. dba Cash App and BEACON BANK & TRUST,

Defendants.

Civil Action No.: 1:26-cv-2214 (MAD/MJK)

**COMPLAINT**
(Jury Trial Demanded)

Plaintiff, Masood Hamdard ("Plaintiff"), brings this action to secure redress against unlawful banking practices engaged in by defendants, Block, Inc. dba Cash App ("Block") and Beacon Bank & Trust ("Beacon", and together with Block, "Defendants") and alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction pursuant to 15 U.S.C. §1693m and 28 U.S.C. §1331. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

2. Venue is proper in this District because a substantial part of the events and occurrences underlying this litigation occurred within this District, and Defendants regularly conduct business here.

**NATURE OF THIS ACTION**

3. Plaintiff brings claims against Defendants for violations of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693, *et seq.*, New York General Business Law § 349, and common-law negligence.

4. Plaintiff is a victim of unauthorized electronic fund transfers made from his Beacon Account through Block's mobile financial-services app.

5. The EFTA establishes the basic rights, liabilities, and responsibilities of consumers who use electronic fund transfer services and the financial institutions that offer those services. The primary objective of the EFTA is to protect individual consumers engaging in electronic fund transfers.

6. The perpetrator, whose true identity is unknown to Plaintiff, made fifteen unauthorized transfers from Plaintiff's Beacon Account on July 13, 2026, each for $200.00, totaling $3,000.00 (the "Unauthorized Transfers"). Plaintiff promptly disputed the charges with Defendants. Despite their obligations, Defendants failed to reasonably investigate Plaintiff's dispute and restore the disputed funds.

7. As described more fully below, Defendants violated the EFTA after Plaintiff reported multiple unauthorized transactions and errors. Specifically, Defendants failed to conduct a good-faith and reasonable investigation of the reported errors and reasonably determine whether the transfers were authorized. Each Defendant denied Plaintiff's dispute, as described below. Plaintiff alleges that neither Defendant reasonably investigated whether Plaintiff authorized the Unauthorized Transfers.

## PARTIES

8. Plaintiff is a natural person residing in Schenectady, NY.

9. Plaintiff is a "consumer" as defined by the EFTA, 15 U.S.C. § 1693a(6). His accounts with Defendant were used for personal, family, or household purposes.

10. Block is, upon information and belief, a foreign corporation organized and existing under the laws of the State of Delaware, with its principal office located at 1955

Broadway, Suite 600, Oakland, California 94612 and at all times relevant to this Complaint, was a financial institution as defined by the EFTA, 15 U.S.C. §1693a(9).

11. Beacon is, upon information and belief, a Massachusetts state-chartered trust, with its principal office for the transaction of business located at 131 Clarendon Street, Boston, MA 02116.

12. Defendants are each, upon information and belief, a "financial institution" as defined under 12 CFR § 205.2(i), which includes "a bank, savings association, credit union, or any other person that directly or indirectly holds an account belonging to a consumer, or that issues an access device and agrees with a consumer to provide electronic fund transfer services."

## FACTS

### *A. The Beacon Deposit Account*

13. At a time prior to the events at issue herein, Plaintiff opened the Beacon Account for personal purposes.

14. The Beacon Account is an "Account" under the EFTA, defined as "a demand deposit (checking), savings, or other consumer asset account (other than an occasional or incidental credit balance in a credit plan) held directly or indirectly by a financial institution and established primarily for personal, family, or household purposes." 12 C.F.R. § 205.2(b)(1).

### *B. The Block Deposit Account*

15. Cash App is a mobile payment service and peer-to-peer money transfer app that allows users to send, receive, and request money, with a strong emphasis on speed and convenience. It is designed to let users "send cash instantly," pay for everyday

purchases, invest in stocks or Bitcoin, and manage their funds through an easy-to-use digital account.

16. Prior to the events at issue in this matter, Plaintiff downloaded Block's "Cash App" application to his mobile phone and created an account (the "Block Account") for personal purposes.

17. Plaintiff designated his Beacon Account as the primary funding source for his Block Account, establishing an electronic link that permitted the direct transfer of funds between the Block Account and the Beacon Account.

18. The Block Account is an "Account" under the EFTA, defined as "a demand deposit (checking), savings, or other consumer asset account (other than an occasional or incidental credit balance in a credit plan) held directly or indirectly by a financial institution and established primarily for personal, family, or household purposes." 12 C.F.R. § 205.2(b)(1).

### C. *The Unauthorized Transfers*

19. On July 13, 2026, an unauthorized third party gained access to or otherwise took control of Plaintiff's Block application and thereby gained access to Plaintiff's Block Account and Beacon Account.

20. The unauthorized access caused fifteen electronic fund transfers from the linked Beacon Account in the sum of $200.00 each totaling $3,000.00 (the "Unauthorized Transfers").

21. Plaintiff did not authorize anyone to make the Unauthorized Transfers.

22. Plaintiff did not benefit from the Unauthorized Transfers.

### D. *Notice of The Unauthorized Transfers and Defendants' Inadequate Investigation*

23. On July 13, 2026, upon discovering the Unauthorized Transfers, Plaintiff called Beacon to report them. Plaintiff was unable to reach anyone because Beacon was closed. The following morning, July 14, 2026, Plaintiff called Beacon again and notified it of the Unauthorized Transfers. On July 14, 2026, Plaintiff also notified Block of the Unauthorized Transfers.

24. Beacon did not provide Plaintiff with any provisional credit for the disputed transactions while it investigated his dispute.

25. By letter dated July 27, 2026, Beacon denied Plaintiff's dispute, stating that it had determined that "no error occurred" and that the transactions were authorized by Plaintiff.

26. Beacon further stated that Regulation E did not cover the quality of goods or services and directed Plaintiff to seek a refund from the merchant rather than crediting his account for the disputed transactions.

27. By email dated July 21, 2026, Block denied Plaintiff's dispute stating that, after reviewing the information provided and its own records, it had determined that "no error occurred because the transaction was initiated by a device in your possession."

28. Block's denial did not identify the device allegedly used to initiate the transaction or explain how Block determined that the device was in Plaintiff's possession.

29. Rather than including the supporting documents in its denial email, Block directed Plaintiff to request those documents through a link that required him to use his phone and have the Cash App application installed.

30. Block did not provide Plaintiff with any provisional credit for the disputed transactions while it investigated his dispute.

31. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered monetary loss of $3,000.00 and other damages to be established at trial.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE EFTA**
(15 U.S.C. § 1693 *et seq.*)

32. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

33. Under the EFTA, Regulation E, and Regulation E's Official Interpretations, Defendants bear the responsibility for unauthorized transactions like the ones alleged herein.

34. The EFTA caps consumer liability for unauthorized electronic fund transfer at $50 and the transactions at issue exceed that amount. 15 U.S.C. §1693g(a).

35. Once Plaintiff notified Defendants of the Unauthorized Transfers, Defendants were required to conduct a reasonable, good faith investigation to determine whether an error occurred as required by the EFTA. However, both Defendants failed to conduct a reasonable investigation.

36. A reasonable investigation would have included review of Plaintiff's denial of authorization, his prompt report, and the account activity surrounding the Unauthorized Transfers:

a. Plaintiff did not authorize the Unauthorized Transfers;

b. Plaintiff promptly reported the Unauthorized Transfers;

c. Plaintiff has no history of making false or unverifiable fraud reports;

d. Plaintiff has no history of irresponsible use of his account;

e. Plaintiff has no history of frauds with Defendants or any other financial institution;

f. Had Defendants reviewed and scrutinized the Plaintiff's account activity, it would be apparent that the Unauthorized Transfers were suspicious and likely fraudulent;

g. No other proof exists to refute Plaintiff's claim.

37. Furthermore, the EFTA places the burden of proof on the financial institution to demonstrate that challenged transfers were authorized or, if they were unauthorized, that the consumer can be held liable for them. 15 U.S.C. § 1693g(b).

38. This burden of proof cannot be and was not plausibly met with regard to the Unauthorized Transfers.

39. Defendants' acts and omissions set forth above constitute violations of the EFTA.

40. As a direct and proximate result of the Defendants' conduct, Plaintiff has been proximately suffered actual damages, including but not limited to past and future monetary loss, and other damages to be established at trial.

41. As a direct and proximate result of Defendants' violations of the EFTA, Plaintiff is entitled to an award of statutory and actual damages as well as attorney's fees and costs.

42. Defendants' conduct as set forth herein constitutes a failure to investigate in good faith and a failure to establish a reasonable basis for believing that Plaintiff's account was not in error, and also constitutes a knowing and willful conclusion that his account was not in error when such conclusion could not reasonably have been drawn from the available evidence, and for this reason constitutes a violation of §1693f(e), entitling Plaintiff to treble damages in addition to all other relief sought herein .

43. In addition, Defendants' failure to provisionally recredit Plaintiff's account while investigating violates §1693f(e), entitling Plaintiff to treble damages in addition to all other relief sought herein.

**SECOND CAUSE OF ACTION**
**DECEPTIVE ACTS AND PRACTICES**
(NYGBL § 349 *et seq*.)

44. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

45. In their dealings with Plaintiff, Defendants engaged in deceptive acts and practices in the conduct of business, trade, commerce, or the furnishing of services in New York, in violation of N.Y. Gen. Bus. Law § 349.

46. Specifically, but without limitation, Defendants' deceptive conduct included:

a. Falsely representing that they had performed reasonable, good faith investigations into the Unauthorized Transfers; and

b. Falsely representing that they have a basis to conclude that the disputed transactions were authorized.

47. Defendants' conduct as alleged herein is "consumer oriented."

48. Indeed, far from a "one shot transaction," Defendants deal with a large volume of customers who dispute unauthorized charges.

49. Upon information and belief, Defendants' misconduct as set forth above is part of a recurring policy and practice of falsely alleging that it has performed *bona fide* investigations into fraudulent transactions and falsely alleging that it has a basis to conclude that no fraud has occurred on the accounts of those customers that submit disputes.

50. These policies and practices have the potential to be repeated with regard to a large number of consumers.

51. Each of these deceptive acts and practices is one that has a broad impact on consumers.

52. Due to these violations of NYGBL § 349, Plaintiff has suffered actual damages and is entitled to:

- actual damages;
- treble damages;
- punitive damages;
- declaratory judgment that Defendants have violated the statute;
- injunctive relief barring Defendants from henceforth committing the deceptive acts and practices set forth herein;
- costs; and
- reasonable attorneys' fees.

**THIRD CAUSE OF ACTION**
**Negligence**

53. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

54. As a customer of Defendants, Plaintiff was owed a duty of reasonable care.

55. Defendants each breached that duty by failing to exercise reasonable care to protect Plaintiff's accounts from fraudulent activity and to ensure that the accounts were not used for illegal and improper activity.

56. In particular, Defendants breached their duty to exercise reasonable care by failing to prevent the Unauthorized Transfers or flag them as suspicious and seek confirmation from Plaintiff.

57. Defendants' conduct harmed Plaintiff because Plaintiff did not authorize the Unauthorized Transfers, yet the transfers were processed by Defendants.

58. As a direct and proximate result of Defendants' conduct, Plaintiff suffered actual damages, including but not limited to past and future monetary loss, and other damages that will be presented to the trier of fact

**WHEREFORE**, Plaintiff seeks judgment in his favor and damages against Defendants, based on the following requested relief:

**ON THE FIRST CAUSE OF ACTION:**

(a) Actual damages;
(b) Statutory damages;
(c) Treble damages;
(d) Punitive damages;
(e) Injunctive relief;
(f) Declaratory relief; and
(g) Costs and reasonable attorney's fees.

**ON THE SECOND CAUSE OF ACTION:**

(a) Actual damages,
(b) Three times the actual damages up to $1,000.00,
(c) Punitive damages;
(d) Injunctive relief;
(e) Declaratory relief; and
(f) Costs and reasonable attorney's fees.

**ON THE THIRD CAUSE OF ACTION:**

(a) Actual damages;
(b) Punitive damages;
(c) Injunctive relief;
(d) Declaratory relief; and
(e) Costs and reasonable attorney's fees.

Such other and further relief as may be necessary, just and proper.

Dated: Pearl River, New York
October 27, 2026

**THE LAW OFFICES OF**
**ROBERT J. NAHOUM, P.C.**
*Attorneys for Plaintiff*

By:____________________________
**ROBERT J. NAHOUM**
1 Blue Hill Plaza, Suite 1509
Pearl River, NY 10965
(845) 450-2906
rjn@nahoumlaw.com